NOT FOR PUBLICATION

FILED

JAMES J. WALDRON, CLERK

[JULY 16, 2013]

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY: Christopher Fowler, Deputy

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| IN RE: | CHAPTER 7 |
| ERIK RADBILL and MARY RADBILL, | CASE NO. 10-49932 (GMB) |
| Debtors. |  |
| JOHN W. HARGRAVE, Chapter 7 Trustee, | ADVERSARY NO. 12-1627 (GMB) |
| Plaintiff, |  |
| v. |  |
| MARILYN RADBILL and MICHAEL RADBILL, | MEMORANDUM OPINION |
| Defendants. |  |

APPEARANCES:   Joseph A. McCormick, Jr., Esquire
JOSEPH A. McCORMICK, JR., P.A.
76 Euclid Avenue, Suite 103
Haddonfield, NJ 08033
Attorneys for Plaintiff, John W. Hargrave, Chapter 7 Trustee

Michael and Marilyn Radbill
1118 Warren Drive
Cherry Hill, NJ 08002
Appearing Pro Se

Defendant Michael Radbill (the "Defendant") seeks summary judgment dismissing the complaint of John W. Hargrave, the Chapter 7 Trustee (the "Trustee") in the chapter 7 bankruptcy case of Erik and Mary Radbill (the "Debtors").  The Defendant is the father of Debtor, Erik Radbill.  The complaint filed by the Trustee seeks to void certain post-petition transfers of property of the estate pursuant to 11 U.S.C. §549, and to sell real property free and clear of the interest of Defendant Marilyn Radbill pursuant to 11 U.S.C. §363(h) (the "Complaint").[1]  The Defendant's Motion for Summary Judgment (the "Motion") asserts that Debtor, Eric Radbill, had no ownership interest in the property at issue as of the petition date and therefore, no post-petition transfer occurred.

The Trustee has filed a Cross Motion for Summary Judgment, arguing that the Trustee has submitted certain undisputed facts as the basis of this cause of action and Trustee is entitled to judgment as a matter of law.  Trustee also asserts that summary judgment with respect to the 11 U.S.C. §363(h) claim is premature at this stage and can only be addressed once the §549 avoidance issue is resolved and a further hearing held.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012.  This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).  Venue is proper under 28 U.S.C. §§1408 and 1409(a).  The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 21, 2003, the Office of the United States Attorney filed a Criminal Information against Defendant, Michael Radbill, in a criminal prosecution captioned United States of America v. Michael Radbill, Case No. 03-CR-0443-1 in the District Court for the Eastern District of Pennsylvania.  On September 18, 2003, Michael Radbill pled guilty to one count of

---

[1] The Complaint also named South Jersey Federal Credit Union as a defendant and sought certain decrees relating to a mortgage dated October 28, 2011 and recorded November 22, 2011 in favor of South Jersey Federal Credit Union. As will be set forth more fully below, the South Jersey Federal Credit Union provided the Trustee with a defense after the adversary was commenced, including but not limited to a defense under 11 U.S.C. §549(c), and therefore, the Trustee and the South Jersey Federal Credit Union submitted a consent order dismissing the Complaint as it pertains to claims against South Jersey Federal Credit Union only.

2

health care fraud and one count of filing false tax returns. On January 15, 2004, a $261,447.16 criminal restitution judgment was entered against Defendant and he was also sentenced to a one year and one day term of imprisonment with three years' supervised release.

On January 14, 2004, the day before Defendant's sentencing, Defendant and his wife, Marilyn Radbill, transferred ownership of their residential property located at 1118 Warren Avenue, Cherry Hill, New Jersey 08002 (the "Property") to their sons, Matthew Radbill and Erik Radbill, the Debtor herein (the "January 14, 2004 Transfer"). The Deed was recorded on January 16, 2004, the day after Defendant's sentencing. The deed indicates that the Property was transferred in consideration for $1.00. At the time of the January 14, 2004 Transfer, there were no mortgages or other liens against the Property.

Eventually, the Defendant was released from prison and he went back to residing at the Property with his wife, Marilyn Radbill. The Defendant and his wife allege that they paid all property taxes related to the Property and all other costs of maintenance and upkeep.

On December 29, 2010, the Debtors herein, Erik and Mary Radbill, filed their chapter 7 bankruptcy petition. The Debtors failed to disclose any ownership interest in the Property by Erik Radbill as a result of the January 14, 2004 Transfer. In the course of investigating the financial affairs of the Debtors, the Trustee discovered that Erik Radbill remained a one-half owner of the Property with his non-debtor brother, Matthew Radbill. Presumably, the Trustee approached the Debtors regarding the undisclosed ownership interest in the Property which led them to file an amended Schedule A on February 14, 2011. The amended Schedule A discloses the following ownership interest:

> 1118 Warren Ave., Cherry Hill, NJ
> (Property belongs to mother and father but was put
> in debtor and his brother's name)

See Doc. 8, Case No. 10-49932, 2/14/11. On April 8, 2011, the Debtors received a chapter 7 discharge.

On May 13, 2011, Erik Radbill and his non-debtor brother, Matthew Radbill, sought to convey their interests in the Property solely to their mother, Marilyn Radbill, for the sum of $1.00. The deed was recorded on May 20, 2011 by the Camden County Clerk.

3

On June 19, 2012, the Trustee filed the instant adversary complaint seeking to avoid the post-petition May 13, 2011 transfer by the Debtor and his non-debtor sibling to his mother, Marilyn Radbill. The Trustee named both Michael Radbill and Marilyn Radbill as defendants despite the fact that the post-petition transfer was made to Marilyn Radbill alone. The Trustee noted that he named both as defendants because of any potential marital interest that Michael Radbill might assert in the Property. The Defendants, acting *pro se*, filed a joint answer to the Complaint on July 16, 2012 in which they repeatedly asserted, *inter alia*, that Erik Radbill never had any equitable or ownership interest in the Property. On July 26, 2012, the Defendants, again acting *pro se*, filed a motion to dismiss in which they asserted that the court lacked jurisdiction over them and that the Complaint failed to state a claim upon which relief could be granted. On September 6, 2012 this Court entered an order denying the Defendants' Motion to Dismiss. Discovery ensued.

On May 6, 2013 the Defendant, Michael Radbill, filed the instant Motion for Summary Judgment. The Motion purports to be filed on behalf of both Defendants, however, as this Court informed Defendant Michael Radbill at the hearing on the Motion, he is not permitted to represent his spouse in the instant matter and therefore the Motion for Summary Judgment will be considered as filed on behalf of himself alone. Michael Radbill argues in his Motion that the Defendants are entitled to summary judgment because the Debtor, Erik Radbill, never had any ownership interest in the Property. Moreover, the Defendant argues that, if anything, Erik Radbill held the Property in a resulting trust in favor of his parents, Michael and Marilyn Radbill, and as he only held bare legal title, the Debtor's bankruptcy estate never acquired an interest in the Property.

On May 13, 2013, the Trustee filed a response in opposition to Motion and Cross-Motion for Summary Judgment (the "Cross Motion"). The Trustee argues that the January 14, 2004 deed transferring the Property to Debtor was valid and that the Defendant has offered no legal support to suggest that it failed to transfer legal title. Further, the Trustee argues that the January 14, 2004 Transfer granted Debtor an ownership interest in the Property which included an equitable interest that became property of the Debtor's bankruptcy estate upon the bankruptcy filing on December 29, 2010. Moreover, the Trustee argues that the presence of a resulting or constructive trust has not been established by the Defendant and that under applicable New

4

Jersey law no such trust could be imposed, as a result of Defendant's unclean hands and the illegality of purpose of the original January 14, 2004 Transfer. Thus, the Trustee asserts that the post-petition transfer of estate property by Debtor on May 13, 2011 to his mother, Marilyn Radbill, is subject to avoidance pursuant to 11 U.S.C. §549 and there remain no material issues of fact in dispute with respect to such claim.

A hearing was held on June 4, 2013 and this Court took the Motion and Cross-Motions were taken under advisement.

## II.    DISCUSSION
### A.  Summary Judgment Standard

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." Knauss v. Dwek, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (*citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. See Am. Marine Rail NJ, LLC v. City of Bayonne, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (*citing* Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." Williams v. Borough of West Chester, Pa., 891 F.2d 458, 471 (3d Cir. 1989) (*citations omitted*).

The party moving for summary judgment must initially make a showing that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" Id. at 322. The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

5

judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. See Id. at 248. Moreover, whether a fact is material depends upon the substantive law at issue. See Crane v. Yurick, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing Anderson, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. Id. Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. Anderson, 477 U.S. at 248 (*citation omitted*).

In some instances, even where material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. Id. at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. See Celotex Corp., 477 U.S. at 322-23. On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

### B. The Post-Petition Transfer was Void and of No Effect

Section 541(a)(1) of the Bankruptcy Code provides that "all legal and equitable interests of the debtor in property as of the commencement of the case []" constitute property of the bankruptcy estate. 11 U.S.C. §541(a)(1); United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05, 103 S.Ct. 2309 (1983). Pursuant to §541(a)(1), all property in the bankruptcy estate is subject to the sole direction and control of the trustee, unless it is exempted or abandoned by the trustee. See 11 U.S.C. §541(a)(1); See also In re American Tissue, Inc., 2007 Bankr. LEXIS 4004 (Bankr.D.Del. Nov. 20, 2007) ("Upon commencement of a bankruptcy case, an estate is created which is to be administered by the debtor-in-possession or trustee, as the case may be…[t]he estate representative holds all property rights in the estate."). The trustee may, after notice and a hearing, "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. 554(a). Property, which not been scheduled or otherwise abandoned by the trustee, remains property of the estate. 11 U.S.C. §554(c).

While the Trustee has principally relied upon 11 U.S.C. §549 in his attempt to "avoid" the post-petition transfer of Property, this Court finds that irrespective of the validity of the §549 claim, the Debtor had no authority to transfer the Property to the Defendants on May 13, 2011 in the first instance. As of the Petition Date, December 29, 2010, any legal or equitable interest the Debtors had in the Property became property of the estate and subject to administration solely by the trustee. See 11 U.S.C. §541(a). At that point the Debtor lost the right to execute any deed transferring his interest in the Property, as an asset of the bankruptcy estate, to Defendant-Marilyn Radbill. Only the Trustee or bankruptcy court could control further disposition of the Property. See, *e.g.*, In re Belardinelli, 2013 Bankr. LEXIS 654 (Bankr.E.D.N.C. Ral. Feb. 21, 2013) ("[t]he debtors clearly did not have the authority to transfer the bankruptcy estate's interest in real property because it was … property of the estate at the time of execution and recordation… [t]herefore, the quitclaim deed conveying the debtors' interest in the real property is void and title did not pass to BB&T"); In re Grotjohn, 289 Fed.Appx. 702, (5th Cir. 2008) (holding that the debtor's interest in a certain claim was property of the estate and therefore, debtor's attempt to assign his interest was "void *ab initio*"); In re Antonie, 2011 Bankr. LEXIS 4549 (Bankr. D. Idaho, Nov. 28, 2011) (holding that, upon commencement of the case, debtor's interest in real property became property of the estate, debtor had no ability to assign title to a third party, and therefore "no post-petition transfer occurred … and the Court need not proceed with a §549(a) post-petition transfer analysis).

At the time of the alleged transfer, the Trustee had not abandoned the Property nor had the Debtors sought or obtained bankruptcy court approval to transfer the Property to the Defendants. Thus, this Court concludes that the Debtor had no authority to transfer the Property and therefore, the May 13, 2011 transfer was void and of no effect.

### C. Any Purported Transfer is Avoided Pursuant to §549

Even if this Court were to recognize that a transfer had taken place, this Court finds that the Trustee, nevertheless, has conclusively established that any such transfer would be avoided pursuant to 11 U.S.C. §549.

Section 549 of the Bankruptcy Code provides that the trustee may avoid any transfer of property of the estate, if the transfer occurred after the case has commenced and was not

7

authorized by the Bankruptcy Code or by the court. 11 U.S.C. §549(a); Bohm v. Howard (In re Howard), 422 B.R. 568, 581 (Bankr.W.D.Pa. 2009). In order for a Trustee to recover a post-petition transfer of property of the estate pursuant to Section 549, four elements must be satisfied: "(1) a transfer, (2) of property of the estate, (3) made after commencement of the case, and (4) that is not authorized by the bankruptcy code or by the bankruptcy court." Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enters.), 400 F.3d 219 (4th Cir. 2005). The Trustee bears the burden of proof with respect to each of the above elements. See Fed.R.Bankr.P. 6001 ("[a]ny entity asserting the validity of a transfer under §549 of the Code shall have the burden of proof.").

The Defendant argues that elements one and two are missing because the Debtor, Erik Radbill, never had an ownership interest in the Property and therefore, could not have transferred any such interest. To that end, the Defendant argues that the initial transfer from Defendants, Michael Radbill and Marilyn Radbill, to Debtor and his sibling on January 14, 2004 was motivated by the fact that "Michael Radbill was going to be incarcerated and he had a large amount of credit card debt…" See Def. Motion for Summary Judgment, ¶4, Doc. 32, Case No. 12-01627. Defendant directs this Court to his deposition testimony in support of his position, where the following colloquy ensued:

> Q. Okay. So a Deed was executed in 2004 by yourself and your wife conveying the interest to Erik and Matthew in 1118 Warren Avenue, correct?
>
> A. The Deed was signed over to them.
>
> Q. Okay. Why?
>
> A. It was signed over to them because I had a lot of credit card debt and I was – I turned in my license in September, 2003 and I was going to serve time, so I wouldn't be able to pay the credit card companies, i.e., the banks and I was speaking with a friend min [sic]…. and he – I told him what was going on and he suggested I or my wife and I place the name of – place the home in our sons' names.

See Def. Motion for Summary Judgment, Exhibit B, pg. 11, Doc. 32, Case No. 12-01627. Thus, the Defendant argues that, in the absence of any real intent to convey the Property to the Debtor and his brother in 2004, a resulting trust in favor of the Defendants arose and the bankruptcy estate acquired no equitable interest in the Property.

8

The Trustee correctly points out that the January 14, 2004 deed conveying the Property to Debtor and his non-debtor sibling is a typical bargain and sale deed, with no reservation of rights of any sort in favor of Michael and Marilyn Radbill. The Trustee also notes that there have been no trust documents produced or alluded to throughout discovery. Finally, the Trustee points to testimony from an asset financial deposition taken by the Assistant United States Attorney of the Defendant, Michael Radbill from January 12, 2006:

> Q. … At the time that the property was transferred in January of '04, whose decision was it to transfer the property to the sons?
> …
> A. My wife and I.
> Q. And what was said? What was discussed?
> A. I was going to prison in two weeks and I said that I wanted to transfer the property to my sons' names so that my – to my son so if there's any problem with maintenance or anything like that, he's working, he could take care of it.
> Q. Why was it your belief that in order for your sons to take care of the property it had to be deeded in their – the property had to be deeded in their names?
> A. I just felt that that was the way to do it, if they were going to pay the maintenance, take care of maintaining the property.
> Q. Did you have any conversation of discussions with your son about this matter before the property was transferred?
> A. Yes.
> Q. And what was the extent or the nature of those discussions?
> A. I expressed an interest in transferring the property and they agreed.
> …
> Q. Okay. On the form – and if you want I can show it to you – you list rent or mortgage $835?
> A. Yes.
> Q. How did you arrive at that figure?
> A. We pay the taxes in lieu of rent.

See Pl. Motion for Summary Judgment, Doc. 33-11, pg. 7 of 23, Case No. 12-01627. Thus, the Trustee argues that the above deposition testimony further supports the Trustee's position that there was an intent by the Defendants to transfer their entire interest in the Property, including any equitable interest, to the Debtor and his non-debtor brother in January 2004. For example, by stating that the transfer of the Property was in exchange for the sons' agreement to keep and maintain the Property while Defendant was incarcerated, the Defendant is implying that there was bargained for consideration and an intent by the Defendant, not to defraud creditors, but to

compensate them for their detriment. In addition, the Defendant's statement to the Assistant United States Attorney regarding the "rental" payments is instructive. If the Defendants never really transferred the Property to their sons, why would the Defendant characterize their payment of real estate taxes on the Property as "rent" owed to their sons? The obvious answer is that in responding to the questions of the Assistant United States Attorney in connection with the criminal proceedings, it served Defendant's purpose to characterize the January 14, 2004 Transfer as a legitimate transfer of all of the Defendants' interest therein, and not as a transfer designed to defraud creditors. In contrast, in the instant proceedings it now serves the Defendant's purpose to characterize the January 14, 2004 Transfer as a sham motivated solely by the Defendant's pending incarceration, mounting credit card debt, and a significant judgment for restitution.

The Defendant is correct in his assertion that under well settled New Jersey law, "a resulting trust will be declared in favor of the one paying the purchase price of property transferred to another unless it is shown that the one paying the price did not so intend." In re Estate of Anna Rauch, 167 N.J. Super. 497 (Sup. App. Div. 1979) (*citing* Weisberg v. Koprowski, 17 N.J. 362, 371 (1955). However, the Defendant fails to recognize that it is also well established in New Jersey that:

> Illegality of purpose usually precludes enforcement of a resulting trust that would otherwise arise in the given circumstances. And where the title to the purchased property is taken in the name of another for the purpose of defrauding creditors, the purchaser of the property cannot enforce a resulting trust.

Yeiser v. Rogers, 19 N.J. 284 (1955). In Yeiser v. Rogers, the New Jersey Supreme Court used the principle to defeat an alleged resulting trust, the purpose of which was to place assets of the purported beneficiary thereof, a professional gambler, beyond the reach of creditors. See also In re Rauch, 167 N.J. Super. 497 (Sup. App. Div. 1979) (holding that the court was satisfied that there was "no illegality of purpose [of the transfer] such as would bar appellant from now making her claim" that a resulting trust was created); Baldwin v. Campfield, 8 N.J. Eq. 891 (E. & A. 1853) (holding that Illegality of purpose precludes enforcement of a resulting trust that would otherwise arise in the given circumstances; where the title to the purchased property is taken in the name of another for the purpose of defrauding creditors, the purchaser of the property cannot enforce a resulting trust).

In the instant case, the Defendant has unequivocally asserted that the initial transfer was motivated by Defendant's desire to put Property beyond the reach of his creditors prior to his incarceration.  The Defendant, when it served his purposes in the asset deposition with the Assistant United States Attorney in his criminal proceeding, characterized it as a valid transfer for value because the Debtor and his non-debtor sibling would be required to pay for maintenance and upkeep on the Property while he was incarcerated.  Defendant also stated in that deposition, again because it served his purposes at the time, that there was an oral lease agreement whereby the Defendant and his wife agreed to pay taxes on the Property in lieu of rental payments to the Debtor and the non-Debtor sibling, the owners of the Property.

Now, in an about face, the Defendant attempts to characterize the January 14, 2004 Transfer in a wholly different manner.  Equity will not allow such a result.  "'No principle of law is better settled in this state than that a conveyance, designed in fraud of creditors, is good *inter partes'*; the implication of law that the grantee takes a conveyance in trust for a person who furnished the purchase money 'may be rebutted by proof that the title was put in the grantee for the purpose of protecting the property from creditors of him who furnished the purchase money.'" Yeiser, at 288-89 (N.J. 1955) *citing* Cutler v. Tuttle, 19 N.J. Eq. 549, 562 (E. & A. 1868).

This Court concludes that the January 14, 2004 Transfer from the Defendants to the Debtor and his non-debtor sibling was a valid transfer and no resulting trust was thereby created in the Defendants' favor.   Thus, as of the Petition Date the Debtor held a one-half interest in the Property with his non-debtor sibling.  This Court concludes that, even if the Debtor's alleged transfer is recognized, such transfer should be avoided pursuant to 11 U.S.C. §549.  The Trustee has established that a transfer, of property of the estate, occurred after the commencement of the case that was not authorized by the bankruptcy code or the bankruptcy court.   See, 11 U.S.C. §549.  The Defendant essentially concedes that there are no outstanding genuine issues of material fact in dispute, and relies solely upon his argument that the January 14, 2004 Transfer was never meant to transfer a property interest, but rather merely hinder, delay or defraud Defendant's own creditors.  For the reasons set forth above, this Court does not find such a defense sustainable under New Jersey Law.

### III. CONCLUSION

In the context of the facts of this case, the Debtor never had the legal power or authority to transfer the Property at issue, which was property of the Debtor's estate. Therefore, no effective transfer of estate property could have occurred. Even if this Court were to find that such a transfer had been effectuated post-petition by the Debtor, this Court finds that the Trustee may avoid the post-petition transfer from the Debtor to Marilyn Radbill pursuant to §549(a).

Count III of the Trustee's Complaint relating to a sale of the Property pursuant to 11 U.S.C. §363(h) remains outstanding, and is not a subject of this summary judgment motion. It should be noted that the Trustee's Complaint is deficient with respect to the 11 U.S.C. §363(h) claim in that it fails to name all parties whose ownership interest in the Property might be affected thereby .

Counsel for Trustee shall submit an appropriate form of judgment for entry by the Court.

BY THE COURT:

Honorable Gloria M. Burns
United States Bankruptcy Judge

Dated: July 16, 2013